UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20836-CR-UNGARO(s)

UNITED STATES OF AMERICA

vs.

WILLIAM JAMES PRICE,
    a/k/a "Ryder,"
    a/k/a "Will,"

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the defendant, William James Price, hereby stipulate and agree that were this case to proceed to trial, the following facts, among others, would be proven beyond a reasonable doubt:

In approximately March 2013, the defendant met C.B., a fifteen-year old girl. Soon after they met, C.B. and the defendant began a sexual relationship. The defendant was aware that C.B. was a minor. At the time, the defendant resided at 513 S.W. 6th Ave., #3, in Homestead, Florida (the "513 Residence"). Later that month, the defendant and C.B. became friends on Facebook.

In approximately April 2013, the defendant told C.B. that she should begin making money for him, by which he meant that C.B. should go on prostitution dates and give him the money that she earned. C.B. began to go on prostitution dates, which the defendant arranged. C.B. would typically start working at approximately 4 p.m., after her school day ended. She would go to the defendant's house and would then start walking the streets near the defendant's

residence. Male clients would drive up to her and pick her up. The men would drive C.B. to a densely wooded, unlit area in Homestead, where they would turn off the street onto a dirt road that traveled through thick brush and vegetation. C.B. would engage in prostitution in the clients' cars, using Trojan Magnum condoms provided by the defendant. Trojan Magnum condoms are manufactured outside of the State of Florida and are distributed internationally. The money that C.B. made by prostituting would be given to the defendant.

C.B. continued working for the defendant, off and on, until October 2013. In a Facebook message exchange in May 2013, the defendant sent C.B. a Facebook message telling her that he wanted her to make money for him. In early October 2013, the defendant posted statements on his Facebook about "pimpin . . . hoes" and bragging that he did not have to "pay for pussy," but rather that he sold it. On October 14, 2013, the defendant sent C.B. a text message asking her if she was going to make money for him that day. The defendant was using a MetroPCS cellular telephone, which was an instrumentality of interstate commerce.

On October 17, 2013, after receiving information regarding C.B. from another minor, law enforcement approached C.B., who ultimately admitted that she was engaging in prostitution for the defendant and thereafter agreed to make a consensually recorded call to the defendant. The defendant was using another MetroPCS cellular telephone, which was an instrumentality of interstate commerce. During the recorded call, which occurred on October 18, 2013, the defendant and C.B. arranged for C.B. to engage in prostitution in order to make money for the defendant.

The defendant was subsequently arrested. He knowingly and voluntarily waived his Miranda rights in writing and admitted that he knew C.B., that he knew she was under the age of 18, that he had engaged in sex with C.B., that she was a prostitute, and that she gave him money

2

from prostitution, which he used.  The defendant also knowingly and voluntarily consented in writing to the search of the 513 Residence, where law enforcement found Trojan Magnum condoms.

|  |  |
|---|---|
| Date: 5/12/2014 | WIFREDO A. FERRER<br>UNITED STATES ATTORNEY<br>By: _____<br>OLIVIA S. CHOE<br>ASSISTANT UNITED STATES ATTORNEY |
| Date: 5/12/14 | By: _____<br>T. OMAR MALONE<br>ATTORNEY FOR DEFENDANT |
| Date: 5/12/14 | By: _____<br>WILLIAM JAMES PRICE<br>DEFENDANT |

3